**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EMMANUEL CABALLERO,

                Plaintiff,

  v.

ROMEO ARANAS, *et al.,*

                Defendants.

Case No. 3:19-cv-00079-MMD-CLB

**ORDER**

Before the court is Plaintiff Emmanuel Caballero's ("Caballero") First Amended Complaint ("FAC") (ECF No. 21).  Also before the court is Defendant Melissa Mitchell's ("Mitchell") motion to screen the FAC (ECF No. 22) and Caballero's motion to extend time for discovery (ECF No. 23).  The court addresses each in turn.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Caballero is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). On February 11, 2019, Caballero filed a civil rights complaint pursuant to 42 U.S.C. § 1983 for events that occurred while Caballero was incarcerated at the Northern Nevada Correctional Center ("NNCC").  (ECF No. 4.) On November 25, 2019, the District Court entered a screening order on Caballero's complaint (ECF No. 3), allowing Caballero to proceed on an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Dr. Gene Yup and Mitchell.  (*See id.* at 8.)  The District Court dismissed, without prejudice, an Eighth Amendment deliberate indifference claim against Sandoval, Dzurenda, Aranas, Naughton, and Baca, as well as an Eighth Amendment excessive force claim.  (*Id.* at 8-9.)  The case was then stayed 90-days to allow the parties an opportunity to settle.  (*Id.* at 9.)

On February 25, 2020, the parties participated in an Early Mediation Conference, however, the parties were unable to reach a settlement.  (ECF No. 9.)  On February 28, 2020, the Office of the Attorney General filed a status report indicating that settlement

had not been reached and informing the Court of its intent to proceed with this action. (ECF No. 10.) Thus, on March 2, 2020, the District Court granted Caballero's *in forma pauperis* application and directed the Clerk of the Court to electronically serve the complaint on the Office of the Attorney General. (ECF No. 11.)

On March 23, 2020, Mitchell filed her notice of acceptance of service of the original complaint. (ECF No. 12.) Mitchell filed her answer on April 30, 2020. (ECF No. 14.) A scheduling order was entered on May 4, 2020, directing Caballero that amendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are allowed without leave of Court, or motions for leave to amend, shall comply with LR 15-1 and shall be filed and served by Monday, July 6, 2020. (*See* ECF No. 15 at 1-2.) On June 23, 2020, Caballero filed his FAC. (ECF No. 21.) On June 25, 2020, Mitchell filed a motion to screen the FAC. (ECF No. 22.) Also, on June 25, 2020, Caballero filed a motion to extend time for discovery. (ECF No. 23.)

**II.    FIRST AMENDED COMPLAINT**

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(2) further instructs that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave [to amend a pleading] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Further, LR 15-1 requires a party to attach proposed amended pleadings to a motion seeking leave of court to file an amended pleading.

Because Caballero filed his FAC on June 23, 2020—well past 21 days after the answer was filed—Caballero was required to obtain Mitchell's written consent or leave of court in order to file an amended pleading, which he failed to do. Accordingly, the court will strike Caballero's FAC for his failure to follow Fed. R. Civ. P. 15(a)(2) and LR 15-1.

///

### III.   MOTION TO SCREEN FAC

After the filing of the FAC, and instead of filing an opposition to the motion, Mitchell filed a motion to screen the FAC. (ECF No. 22.)  Mitchell argues pursuant to 28 U.S.C. § 1915A and the holdings of *Espinosa v. Stogner*, 3:16-cv-00141-RCJ-WGC, 2017 WL 6033412 (D. Nev. Dec. 4, 2017), and *Mwanza v. Foster*, 3:14-cv-00331-MMD-WGC, 2015 WL 5123410 (D. Nev. Sept. 1, 2015), that the court should screen Caballero's FAC.[1]  (ECF No. 22.)  Mitchell argues that Caballero's FAC seeks to add 21 additional Defendants who are either current or former employees of a government entity to his cause of action, he seeks to revive claims against all five of the previously dismissed Defendants,[2] and he adds multiple claims to the causes of action that were not previously plead. (ECF No. 22 at 4.)  While ultimately the motion to screen is moot, the court will still address Mitchell's arguments.

Mitchell first contends that screening is required pursuant to 28 U.S.C. § 1915A, but does not provide the court with an explanation as to how Caballero's FAC falls within the confines contemplated by the statute.  Section 1915A(a) states as follows with respect to screening:

> (a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A(a).  The statute could not be clearer as to the timing of the mandatory screening.  A court must screen "before docketing, if feasible or, in any event, as soon as practicable after docketing." *Id.*  As the Supreme Court has clarified, "[a]ll this may take place before any responsive pleading is filed—unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to

---

[1]   Mitchell's Motion does not discuss Fed. R. Civ. P. 15, which undoubtedly governs Caballero's FAC, as it was filed post-answer.

[2]   The court notes the five defendants referred to by Mitchell were dismissed, *without prejudice*. (*See* ECF No. 3 at 8-9.)

do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint." *Jones v. Bock*, 549 U.S. 199, 213 (2007); *see also Nordstrom v. Ryan*, 762 F.3d 903, 906, 907 & n.1 (9th Cir. 2014) (characterizing screening under § 1915A as the "pre-answer screening stage").  The screening provision does not require a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint.

Next, Mitchell discusses *Espinosa v. Stogner*, a case in which the District Court held that screening was required in a case "where amendment has been required due to a deficiency noted during screening of the original complaint…." 3:16-cv-00141-RCJ-WGC, 2017 WL 6033412, at *2 (D. Nev. Dec. 4, 2017). *Espinosa* is distinguishable from the present case, as Caballero was not explicitly granted leave to amend in the original screening order.  (*See* ECF No. 3.)  Instead, the District Court determined Caballero could proceed on certain claims but left open the option for amendment later by dismissing his other claims, without prejudice.  (*Id.*)

Finally, Mitchell cites to *Mwanza v. Foster*, 3:14-cv-00331-MMD-WGC, 2015 WL 5123410, at *9 (D. Nev. Sept. 1, 2015), for the assertion that screenings of an inmate's amended complaint would be determined on a case-by-case basis.  Mitchell does not supply the court with any convincing reasons why this is a case that warrants such treatment.

To clarify, courts in this district screen complaints and amended complaints at the pre-answer stage. In cases where the court dismisses the initial complaint with leave to amend, the court would then screen the proposed amended complaint to determine what claims may proceed and whether a defendant is compelled to respond. This practice falls within the PLRA's mandate for "early judicial screening." *Jones*, 549 U.S. at 223. The decision to engage in post-answer court screening is made on a case-by-case basis. Thus, the fact that some of Mitchell's cited decisions refer to screening of an amended complaint does not necessarily show that the screening court viewed its duty to screen as mandatory and not discretionary. Nor do those decisions require this court

4

to screen Caballero's proposed amended complaint.  Thus, while the court ultimately denies as moot Mitchell's motion to screen (ECF No. 22), the court cautions Mitchell regarding the filing of future motions for screening of amended complaints.  If Mitchell has an opposition to a motion to amend, Mitchell is reminded that the proper procedure is to file an opposition with an explanation of why the amendment is opposed.  If a proper opposition is not filed, this may result in the court construing the lack of an opposition as a consent to the granting of the motion to amend per Local Rule 7-2(d).

**IV.   MOTION TO EXTEND TIME FOR DISCOVERY**

Finally, Caballero filed a motion to extend time for discovery (ECF No. 23), based on the filing of his FAC.  To the extent the motion seeks an extension of discovery based on the improperly filed FAC, that motion is denied.  The court will however grant Caballero an extension of time to Monday, July 13, 2020 to file a motion seeking leave of the court to file an amended pleading.  At that time, Caballero may also file a further motion to extend time for discovery, if he so chooses.

**V.   CONCLUSION**

**IT IS THEREFORE ORDERED** that Caballero's First Amended Complaint (ECF No. 21) is **STRICKEN** from the record;

**IT IS FURTHER ORDERED** that Mitchell's motion to screen the FAC (ECF No. 22) is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that the motion to extend time for discovery (ECF No. 23) is **GRANTED**, in part, and **DENIED**, in part; and,

**IT IS FURTHER ORDERED** that Caballero will be granted an extension of time until **Monday, July 13, 2020,** to file a motion seeking leave of the court to file an amended pleading.

**DATED**:  June 29, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**