UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EMMANUEL CABALLERO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br><br>ROMEO ARANAS, *et al.,*<br><br>　　　　　　Defendants. | 3:19-cv-00079-MMD-CLB<br><br><br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

This case involves a civil rights action filed by Plaintiff Emmanuel Caballero ("Caballero") against Defendants Gene Yup ("Yup")[2] and Melissa Mitchell ("Mitchell") (collectively referred to as "Defendants"). Currently pending before the court is Caballero's motion for preliminary injunction. (ECF No. 29.) Defendants responded (ECF Nos. 40, 42),[3] and Caballero replied (ECF No. 49). Having thoroughly reviewed the record and papers, the court recommends that Caballero's motion for preliminary injunction (ECF No. 29) be denied.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Caballero is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), and is currently housed at Northern Nevada Correctional Center ("NNCC") in Carson City, Nevada. (ECF No. 4.) On February 11, 2019, Caballero submitted his

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2] On June 8, 2020, Caballero filed a motion for substitution of party in response to a notice of death for Defendant Yup. (ECF No. 18.) On July 13, 2020, the court allowed the substitution of the Estate of Gene Hing Yup by and through Catherine Yup as personal representative for Defendant Yup. (*See* ECF No. 33.)

[3] ECF No. 42 consists of sealed documents filed in support of Defendants' opposition.

initial complaint and an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.)

In his complaint, Caballero alleges the following: Caballero has been attempting to get relief from painful cavities for two years. (ECF No. 4 at 5.) When the dentist, Dr. Yup, saw Caballero, Dr. Yup refused to treat Caballero's cavities, including refusing to refill a cavity after a filling fell out of it. (*Id.*) Dr. Yup said that he would not waste his time on an inmate. (*Id.*) Dr. Yup also never gave Caballero anything for the pain and kept postponing treatment, allowing Caballero's infected teeth to further decay. (*Id.*) Dr. Naughton stated in response to a second-level grievance that dentists do all they can to save teeth, which is not true. (*Id.* at 5–6.) Dr. Yup refused to save any teeth, and his policy is to only extract teeth. (*Id.* at 6.) He waited until nothing could be done other than tooth extraction. (*Id.*) "Defendants" continue to deny and delay Caballero any treatment for his teeth. (*Id.*) Most recently, when Caballero was scheduled to see another dentist, the supervisory nurse, Melissa, refused to allow Dr. Patterson to even see Caballero and ordered Caballero out of the dental room without even being evaluated. (*Id.*) Nurse Melissa told Caballero that his cavities would not be filled and that there was nothing left to discuss. (*Id.*) Caballero was not even permitted to speak to Dr. Patterson. (*Id.*)

Pursuant to 28 U.S.C. § 1915A(a), the District Court screened the complaint on November 25, 2019. (ECF No. 3.) Based on the allegations in the complaint, the Court determined Caballero could proceed on an Eighth Amendment deliberate indifference to serious medical (dental) needs claim against Defendants Yup and Mitchell. (*Id.*)

### A. Caballero's Motion for Preliminary Injunction

On July 1, 2020, Caballero filed a motion for preliminary injunction related to his claim of deliberate indifference to serious medical (dental) needs. (ECF No. 29.) In the motion, Caballero requests the court issue a preliminary injunction directing NDOC Director Charles Daniels, and Drs. Peterson and Benson to: (1) perform a full oral examination on Caballero; (2) provide root canal/pulpectomies for Caballero's posterior molars including tooth #15, if medically necessary; (3) perform required bacterial/plaque root cleaning and fluoride treatment; and (4) provide such treatment within 14 days. (*Id.*

at 6.) Caballero argues that if preliminary relief is not ordered, he faces the unnecessary loss of tooth #15 just like he lost tooth #19. (*Id.* at 4.)

In response, Defendants argue that a preliminary injunction is inappropriate because: (1) Caballero's allegations are blatantly contradicted by extensive dental records that detail his dental care; and (2) Caballero will not suffer irreparable harm if the injunction is denied because he has already received treatment from Dr. Benson, and therefore the requested relief is moot. (ECF No. 40.)

## II.    LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) (quotation marks and citation omitted). The instant motion requires the Court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20 (citations omitted).

Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005). In *Winter*, the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale approach to preliminary

injunctions. *See Winter*, 555 U.S. at 51; *see also Alliance*, 632 F.3d at 1131. The Ninth Circuit has since found that post-*Winter*, this circuit's sliding-scale approach, or "serious questions" test survives when applied as part of the four-element *Winter*'s test. *Alliance*, 632 F.3d at 1131-32. "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* (citations omitted). The portion of the sliding-scale test that allowed injunctive relief upon the possibility, as opposed to likelihood, of irreparable injury to the plaintiff, was expressly overruled by *Winter*. *See Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1127 (9th Cir. 2009).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984); *see also Committee of Cent. American Refugees v. Immigration & Naturalization Service*, 795 F.2d 1434, 1442 (9th Cir. 1986). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or serious damage will result. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979)).

Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and

4

>    shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. §3626(a)(2). Thus, section 3626(a)(2) limits the Court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)(2) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

## III.   DISCUSSION

Having reviewed Caballero's filings with the above-cited principles in mind, it is clear that Caballero has not made the showing required for an injunction to issue.

First, Caballero has not shown he is likely to succeed on the merits of his underlying deliberate indifference claim. *See Winter*, 555 U.S. at 20. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To prevail plaintiff must make two showings: (1) a "serious medical need," and (2) that defendants' response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallet v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). Medical malpractice or negligence is not enough to state a claim. *Toguchi*, 391 F.3d at 1060.

Caballero's motion asserts he has been denied, or delayed, receiving dental treatment and that the non-treatment of his teeth has caused him to suffer other medical issues, but offers little in the way of facts or law to support the statement. (ECF No. 29.) Although Caballero states he has not received dental care for his teeth, ultimately resulting in extraction, evidence submitted by Defendants shows that not only has Caballero received dental care, he has been seen for dental appointments approximately 27 times from December 2016 through December 2019. (*See* ECF Nos. 42-1, 42-2, 42-3, 42-4, 42-5, 42-7 (sealed).) Caballero may disagree with the chosen

course of treatment, but differences in judgment between a prison medical official and an inmate do not, as a matter of law, establish deliberate indifference. *Toguchi*, 391 F.3d at 1058.

Second, while Caballero asserts he is facing a risk of imminent harm, he has not shown he is likely to suffer irreparable harm in the absence of the requested injunctive relief. Records indicate that on July 20, 2020—after Caballero filed the instant motion—he was seen by Dr. Benson who completed two radiographs of tooth #15, along with other testing, which resulted in placement of a sedative filing and a follow-up appointment on July 22, 2020. (ECF No. 42-6.) Thus, because Dr. Benson has already treated Caballero, the relief requested is moot. If Caballero is in danger in spite of those facts, it is his burden to persuade the court not just that irreparable harm is possible, but that it is likely. *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

Having found that Caballero has not made the requisite showing that he is likely to succeed on the merits or to suffer irreparable harm, the court concludes that a preliminary injunction is not warranted.

**IV.   CONCLUSION**

Based upon the foregoing, the court recommends that Caballero's motion for preliminary injunction (ECF No. 29) be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Caballero's motion for preliminary injunction (ECF No. 29) be **DENIED**.

**DATED**: December 11, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**