UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EMMANUEL CABALLERO,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ROMEO ARANAS, *et al.,*<br><br>　　　　　　　　　　Defendants. | Case No. 3:19-cv-00079-MMD-CLB<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Emmanuel Caballero's ("Caballero") motion for leave of court to file a First Amended Complaint (ECF No. 30). Defendants Dr. Gene Yup ("Yup")[2] and Melissa Mitchell ("Mitchell") (collectively referred to as "Defendants"), filed a response to the motion (ECF No. 70), and Caballero replied (ECF No. 71). Also before the court is Caballero's motion to extend time for discovery (ECF No. 28). No opposition was filed. The court addresses each in turn.

**I.　FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Caballero is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). On February 11, 2019, Caballero filed a civil rights complaint pursuant to 42 U.S.C. § 1983 for events that occurred while Caballero was incarcerated at the Northern Nevada Correctional Center ("NNCC"). (ECF No. 4.) On November 3, 2019, the District Court entered a screening order on Caballero's complaint (ECF No. 3), allowing Caballero to proceed on an Eighth Amendment deliberate indifference to serious

---

[1]　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]　On June 8, 2020, Caballero filed a motion for substitution of party in response to a notice of death for Defendant Yup. (ECF No. 18.) On July 13, 2020, the court allowed the substitution of the Estate of Gene Hing Yup by and through Catherine Yup as personal representative for Defendant Yup. (*See* ECF No. 33.)

medical needs claim against Defendants Dr. Gene Yup and Mitchell.  (*See id.* at 8.)  The District Court dismissed, without prejudice, an Eighth Amendment deliberate indifference claim against Sandoval, Dzurenda, Aranas, Naughton, and Baca, as well as an Eighth Amendment excessive force claim.  (*Id.* at 8-9.)

On March 23, 2020, Mitchell filed her notice of acceptance of service for the original complaint. (ECF No. 12.)  Mitchell filed her answer on April 30, 2020. (ECF No. 14.)  A scheduling order was entered on May 4, 2020, directing Caballero that amendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are allowed without leave of Court, or motions for leave to amend, shall comply with LR 15-1 and shall be filed and served by Monday, July 6, 2020.  (*See* ECF No. 15 at 1-2.)  On June 23, 2020, Caballero filed his first amended complaint that was accompanied by a proper motion to amend.  (ECF No. 21.)  On June 25, 2020, Mitchell filed a motion to screen the first amended complaint.  (ECF No. 22.)  Also, on June 25, 2020, Caballero filed a motion to extend time for discovery.  (ECF No. 23.) The court ultimately struck Caballero's first amended complaint for his failure to follow Fed. R. Civ. P. 15(a)(2) and LR 15-1 and denied the motion to screen as moot.  (ECF No. 24.)  The court did, however, allow Caballero an opportunity to properly file a motion seeking leave of court to file an amended pleading.

On July 1, 2020, pursuant to this court's order, Caballero properly filed a motion for leave to file an amended pleading. (ECF No. 30.)  Defendants filed a partial opposition to the filing of the amended pleading, (ECF No. 70), and Caballero replied (ECF No. 71.)  Caballero also filed a motion to extend discovery, (ECF No. 28), and no opposition was filed.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend a pleading] when justice so requires," and there is a strong public policy in favor of permitting amendment.  *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).  The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme

liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*).  Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended her complaint.  *See id.* at 1052. The factors do not weigh equally; as the Ninth Circuit has explained, prejudice receives greatest weight.  *See id.*  Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment.  *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)).

When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature and its effect of requiring an entirely new course of defense.  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Alone, such alteration is not fatal.  *Id.*  In contrast, futility "alone can justify the denial of a motion for leave to amend."  *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2003).  Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon, Inc.*, 845 F.3d 209, 214 (9th Cir. 1988), or "where the amended complaint would . . . be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

**III.    DISCUSSION**

**A.    Motion for Leave to File Amended Complaint**

Caballero moves to amend his complaint to add an additional 21 defendants and five counts. (*See* ECF No. 30-1.)  Defendants argue the proposed amendment is improper based on undue delay, is prejudicial to Defendants, and is futile. (ECF No. 70.) The court finds that the motion for leave to file a first amended complaint (ECF No. 30) should be granted, in part, and denied, in part, as outlined below.

Defendants first argue that the proposed amendment is improper based on undue delay. (ECF No. 70 at 4.)  Specifically, that Caballero already had the information

contained in the proposed amendment available to him prior to its filing, and Caballero supplied no reason for the delay in amendment. (*Id.*)

Next, Defendants argue the proposed amendment is prejudicial to Defendants due to the sheer volume of additional named defendants and alleged counts, which would likely require additional discovery and a delay in moving the case forward. (*Id.* at 4-5.)

Finally, Defendants argue the proposed amendment is futile as Caballero has not alleged facts to establish personal participation or that the defendants knew of Caballero's needs and deliberately disregarded them as it pertains to defendants: Romeo Aranas, M. Naughton, Brian Sandoval, James Dzurenda, Isidro Baca, Adam Laxalt, Dr. Michael Minev, Charles Daniels, Steve Sisolak, Perry Russel, Aaron Ford, M. Sullivan, D. Clark, Danielle Richards, C. Lucas, and C. Cerda. (*Id.* at 5.) Further, Defendants argue claims against the State of Nevada are futile as the State of Nevada has not waived its Eleventh Amendment immunity. (*Id.*)

Defendants conceded however that Caballero alleges facts sufficient in Count I to establish deliberate indifference as it pertains to Defendants Yup, Mitchell, Peterson, Benson, and Vargas. (*Id.* at 6.)

Having reviewed Caballero's proposed amended pleading, the court agrees with Defendants and finds that the amended complaint, which seeks to add an additional 21 defendants and an additional four counts, would greatly alter the litigation's nature and require an entirely new course of defense. *Morongo Band of Mission Indians,* 893 F.2d at 1079. Further, aside from Caballero's Count I deliberate indifference to serious medical (dental) needs allegations against Defendants Yup, Mitchell, Peterson, Benson, and Vargas, the rest of Caballero's complaint fails to state a claim upon which relief may be granted. First, Caballero fails to allege facts sufficient to establish personal participation by Romeo Aranas, M. Naughton, Brian Sandoval, James Dzurenda, Isidro Baca, Adam Laxalt, Dr. Michael Minev, Charles Daniels, Steve Sisolak, Perry Russel, Aaron Ford, M. Sullivan, D. Clark, Danielle Richards, C. Lucas, or C. Cerda. In addition,

the claims against the State of Nevada are similarly futile as the State of Nevada has not waived its Eleven Amendment immunity. *See* Nev. Rev. Stat. § 41.031(3); *Breck v. Doyle*, 796 F. App'x 333, 336 (9th Cir. 2019).

Thus, the court recommends that Caballero's motion for leave to file an amended complaint (ECF No. 29) be granted as to the Count I claim against Defendants Yup, Mitchell, Peterson, Benson, and Vargas, and denied as to the remainder of Count I and Counts II through V. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) (a motion for leave to amend a complaint may be denied if the proposed amendment is futile or would be subject to dismissal).

### B.    Motion to Extend Time for Discovery

Caballero has also filed a motion to extend time to complete discovery. (ECF No. 28.) No opposition has been filed. In light of the court's recommendation that Caballero's motion for leave to file an amended complaint be granted, in part, the court also recommends that Caballero's motion to extend time to complete discovery be granted, in part. Caballero should have an additional ninety (90) days to complete limited discovery as it pertains to the three additional named Defendants in Count I: Peterson, Benson, and Vargas. (*See* ECF No. 30-1 at 12-23.) No further extension of discovery should be granted absent a showing extenuating circumstances.

### IV.    CONCLUSION

Based upon the foregoing, the court recommends that Caballero's motion for leave to file a first amended complaint (ECF No. 30) be granted, in part, and denied, in part. The court also recommends that the motion to extend discovery (ECF No. 28) be granted, in part, and denied, in part.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be

accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Caballero's motion for leave of court to file a First Amended Complaint (ECF No. 30) be **GRANTED, in part, and DENIED, in part**; as follows:

- The motion should be granted as to the Count I deliberate indifference to serious medical (dental) needs claim against Defendants Yup, Mitchell, Peterson, Benson, and Vargas;
- The motion should be denied as to the remainder of Count I, and the entirety of Count II, Count III, Count IV, and Count V; and
- Defendants Romeo Aranas, M. Naughton, Brian Sandoval, James Dzurenda, Isidro Baca, Adam Laxalt, Dr. Michael Minev, Charles Daniels, Steve Sisolak, Perry Russel, Aaron Ford, M. Sullivan, D. Clark, Danielle Richards, C. Lucas, C. Cerda, and the State of Nevada should be dismissed.

**IT IS FURTHER RECOMMENDED** that Caballero's motion to extend discovery (ECF No. 28) be **GRANTED, in part, and DENIED, in part**, as follows:

- Caballero should have ninety (90) days to complete limited discovery as it pertains to the newly named Defendants in Count I: Peterson, Benson, and Vargas.

**DATED**: December 11, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**