UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

EMMANUEL CABALLERO,

                              Plaintiff,

     v.

ROMEO ARANAS, *et al.*,

                            Defendants.

Case No. 3:19-cv-00079-MMD-WGC

ORDER

## I.   SUMMARY

*Pro se* Plaintiff Emmanuel Caballero, currently incarcerated and in the custody of the Nevada Department of Corrections ("NDOC"), alleges violation of Eighth Amendment deliberate indifference to serious medical needs pertaining to dental care under 42 U.S.C. § 1983. (ECF Nos. 3, 4.) Before the Court are two Reports and Recommendations (ECF Nos. 73, 74 ("R&Rs")) of United States Magistrate Judge Carla L. Baldwin.[1] The R&Rs recommend the Court deny Plaintiff's motion for preliminary injunction (ECF No. 29), and that Plaintiff's motion for leave to file a first amended complaint (ECF No. 30) and motion to extend discovery (ECF No. 28) be granted, in part, and denied, in part.

In response, Plaintiff filed a motion to extend time to object to the R&Rs (ECF No. 76), and shortly thereafter filed his objections (ECF Nos. 79, 80 ("Objections")).[2] As further explained below, the Court will overrule Plaintiff's Objections because the Court agrees

---

[1]This case was originally referred to Magistrate Judge Baldwin. The case is now referred to Magistrate Judge William G. Cobb after Judge Baldwin recused on January 4, 2021. (ECF Nos. 87, 88.)

[2]The Court grants Plaintiff's motion to extend time and will consider both objections. The Court has additionally reviewed Defendants corresponding replies. (ECF Nos. 93, 101.)

1    with Judge Baldwin's recommendations and will adopt the R&Rs in full. Moreover, upon a

2    *de novo* review of Plaintiff's proposed first amended complaint (ECF No. 30-1 ("FAC"))

3    the Court includes Summer Jacobson[3] as Defendant in Count I of Plaintiff's Eighth

4    Amendment deliberate indifference claim.

5         Plaintiff additionally filed a motion to compel production of documents (ECF No.

6    83), and a motion to strike and demand for sanctions (ECF No. 84). Defendants filed a

7    response opposing the latter motion but opted not to oppose the motion to compel. (ECF

8    Nos. 100, 102.) Accordingly, the Court grants Plaintiff's motion to compel the production

9    of documents as access is available to Plaintiff and has already been granted. As further

10   discussed below, the Court denies Plaintiff's motion to strike and demand for sanctions as

11   the motion is unwarranted and without merit.

12   **II.    BACKGROUND**

13        The Court incorporates by reference Judge Baldwin's recitation of factual

14   background and procedural history provided in the R&Rs, which the Court adopts here.

15   (ECF Nos. 73 at 1-3, 74 at 1-2.) Relevant to this order, the deadline to file objections to

16   Judge Baldwin's R&Rs was December 25, 2020. (ECF Nos. 73, 74.) Plaintiff filed on

17   December 21, 2020, a motion to extend the objection deadline to January 24, 2021. (ECF

18   No. 76.) Plaintiff thereafter filed on December 24, 2020 and December 30, 2020, his

19   objections to Judge Baldwin's R&Rs. (ECF Nos. 79, 80.)[4]

20        In the Objections, Plaintiff concedes that Counts III, IV, and V in Plaintiff's FAC

21   should be dismissed. (ECF No. 80 at 5.) Plaintiff additionally does not object to Judge

22   Baldwin's recommendation that Plaintiff's motion to extend discovery be granted, in part,

23   and denied, in part. (*See* ECF No. 80.)

24

25

26        [3]Plaintiff named dental assistant Jane Doe in Plaintiff's FAC (ECF No. 30-1 at 5),
     and later identified Jane Doe as Summer Jacobson (ECF No. 80 at 3-4).

27        [4]Plaintiff's second objection (ECF No. 80) was filed after the December 25, 2020
28   deadline. Plaintiff appropriately sought an extension prior to the deadline and provided
     good cause for the extension. (*See* ECF No. 76.)

1   III.   **LEGAL STANDARD**

2        A.   **Review of the Magistrate Judge's Recommendation**

3        This Court "may accept, reject, or modify, in whole or in part, the findings or

4   recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

5   timely objects to a magistrate judge's report and recommendation, then the Court is

6   required to "make a de novo determination of those portions of the [report and

7   recommendation] to which objection is made." *Id.* The Court will conduct a *de novo* of the

8   portions of the R&Rs to which Plaintiff objects. (ECF Nos. 79, 80.)

9        B.   **Preliminary Injunction Standard**

10        Federal Rule of Civil Procedure 65 governs preliminary injunctions. "'An injunction

11   is a matter of equitable discretion' and is 'an extraordinary remedy that may only be

12   awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Earth Island Inst.*

13   *v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (quoting *Winter v. NRDC, Inc.*, 555 U.S. 7,

14   22, 32 (2008)). This relief is "never awarded as of right." *All. For The Wild Rockies v.*

15   *Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). To qualify for a preliminary injunction, a

16   plaintiff must satisfy four requirements: (1) a likelihood of success on the merits; (2) a

17   likelihood of irreparable harm; (3) the balance of equities favors the plaintiff; and (4) the

18   injunction is in the public interest. *See Winter*, 555 U.S. at 20. A plaintiff may also satisfy

19   the first and third prongs by showing serious questions going to the merits of the case and

20   that a balancing of hardships tips sharply in plaintiff's favor. *Cottrell*, 632 F.3d at 1135

21   (holding that the Ninth Circuit Court of Appeals' "sliding scale" approach continues to be

22   valid following the *Winter* decision). On the merits-success prong, "the burdens at the

23   preliminary injunction stage track the burdens at trial." *Gonzales v. O Centro Espirita*

24   *Beneficente Uniao do Vegetal*, 546 U.S. 418, 429 (2006); *see also id.* at 428 (citing

25   *Ashcroft v. ACLU*, 542 U.S. 656, 666 (2004)).

26        A more stringent standard is applied when a party seeks mandatory, as opposed

27   to prohibitory, preliminary relief. *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th

28   Cir. 1979). Where "a party seeks mandatory preliminary relief that goes well beyond

1    maintaining the status quo *pendente lite*, courts should be extremely cautious about

2    issuing a preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670 (9th Cir.

3    1984) (emphasis in original). Courts should deny mandatory preliminary relief "unless both

4    the facts and the law clearly favor the moving party." *Garcia v. Google, Inc.*, 786 F.3d 733

5    (9th Cir. 2015) (quoting *Anderson*, 612 F.2d 1112, 1114 (9th Cir. 1979)).

6    **IV.  DISCUSSION**

7         Following a *de novo* review of the R&Rs, relevant briefs, and other records in this

8    case, the Court finds good cause to accept and adopt Judge Baldwin's R&Rs. The Court

9    will first address Plaintiff's Objections below, and then will address Plaintiff's motion to

10    strike and demand for sanctions.

11         **A.  Plaintiff's Objections**

12           **1.  Merits of Eighth Amendment Claim**

13         Judge Baldwin recommends that Plaintiff's motion for preliminary injunction be

14    denied because Plaintiff has not shown a likelihood of success on the merits of his

15    underlying Eighth Amendment deliberate indifference claim. (ECF No. 73 at 5-6.) She

16    found that evidence submitted by Defendants showed Plaintiff received dental care and

17    had approximately 27 dental appointments from December 2016 to December 2019. (*Id.*

18    at 5.) Plaintiff generally counters that dental charts provided by Defendants are a "false

19    misrepresentation" of events and offer photos of Plaintiff's teeth as evidence of inadequate

20    care. (ECF No. 79 at 7-10, 47-50.) The Court does not find Plaintiff's argument convincing,

21    and having reviewed the record, the Court agrees with Judge Baldwin that the motion

22    should be denied.

23         The Eighth Amendment prohibits the imposition of cruel and unusual punishment

24    and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and

25    decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth

26    Amendment when he or she acts with "deliberate indifference" to the serious medical

27    needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth

28    Amendment violation, a plaintiff must satisfy both an objective standard—that the

1    deprivation was serious enough to constitute cruel and unusual punishment—and a

2    subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th

3    Cir. 2012).

4            To establish the first prong, "the plaintiff must show a serious medical need by

5    demonstrating that failure to treat a prisoner's condition could result in further significant

6    injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091,

7    1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference

8    prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain

9    or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may

10   appear when prison officials deny, delay or intentionally interfere with medical treatment,

11   or it may be shown by the way in which prison physicians provide medical care." *Id.*

12   (internal quotations omitted). When an inmate alleges delay of medical treatment evinces

13   deliberate indifference, the inmate must show the delay led to further injury. *See Shapley*

14   *v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere

15   delay of surgery, without more, is insufficient to state a claim of deliberate medical

16   indifference"). Additionally, "[a] difference of opinion between a prisoner-patient and prison

17   medical authorities regarding treatment does not give rise to a § 1983 claim.*" Franklin v.*

18   *Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

19           Plaintiff's preliminary injunction motion asserts that Defendants were not providing

20   Plaintiff basic dental care for his tooth ("No. 19") since 2016. (ECF No. 29 at 2.) After three

21   years of Defendants' failure to treat tooth No. 19, it was extracted on April 11, 2019, and

22   the failure to treat it with a filling or root canal has led to the decay and rotting of another

23   tooth ("No. 15"). (*Id.* at 3.) Plaintiff however offers little by way of evidence to support this

24   specific claim, nor does he offer evidence to counter Defendants' assertion that Plaintiff

25   has been receiving treatment on tooth No. 19 since April 2017, and that Plaintiff refused

26   antibiotics to treat the infection caused by tooth No. 19. (ECF No. 40 at 6.)

27           Moreover, Plaintiff's assertion that the delayed dental care caused further harm is

28   misleading by implying the poor condition of tooth No. 15 was the result of Defendants'

1    three-year delay in treating tooth No. 19. As early as April 26, 2017, Plaintiff acknowledged

2    Dr. Gene Yup[5] had informed Plaintiff of the potential adverse medical consequences of

3    refusing the extraction of tooth No. 19., and Plaintiff nonetheless refused this treatment.

4    (*Id.* at 2; ECF No. 42-2 at 5 (sealed).) As Judge Baldwin appropriately acknowledges,

5    Plaintiff may disagree with a chosen course of treatment by preferring a root canal over a

6    tooth extraction, but the difference in judgment between the inmate and the prison medical

7    official does not, as a matter of law, establish deliberate indifference according to the Ninth

8    Circuit. (ECF No. 73 at 5-6 (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)).)

9    Plaintiff therefore fails to show a likelihood of success on the merits of his underlying

10    Eighth Amendment deliberate indifference claim to warrant preliminary injunction relief.

11    *See Winter*, 555 U.S. at 20. Plaintiff thus cannot meet the more stringent standard for

12    mandatory preliminary injunction, and the Court denies Plaintiff's motion for preliminary

13    injunction. *See Anderson*, 612 F.2d at 1115.

14    **2.   Irreparable harm**

15    Judge Baldwin recommends that Plaintiff's motion for preliminary injunction be

16    denied because Plaintiff has not shown he will likely suffer irreparable harm. (ECF No. 73

17    at 6.) She reasoned that tooth No. 15 was treated by Dr. Benson *after* Plaintiff filed his

18    motion, and therefore the relief requested is moot. (*Id.*) If it remains that Plaintiff is likely

19    to suffer irreparable harm, it is Plaintiff's burden to persuade the Court that this remains

20    true. (*Id.*) Plaintiff's objection fails to do so and merely states that "tooth decay is a

21    continual process leading to larger health problems and often excruciating pain." (ECF No.

22    79 at 5.) Additionally, Plaintiff in fact recognized Dr. Benson treated tooth No. 15 in 2020.

23    (*Id.* at 10.) As Judge Baldwin therefore correctly found, the relief requested in Plaintiff's

24    motion is moot, and after the Court's consideration of Plaintiff's objection, it remains moot.

25    Plaintiff therefore has failed to show the likelihood of irreparable harm required for a

26

27    _____

       [5]On July 13, 2020, the Court allowed the substitution of the Estate of Gene Hing

28    Yup by and through Catherine Yup as personal representative to Defendant Gene Yup. (ECF No. 33.)

preliminary injunction. *See Winter*, 555 U.S. at 20.

### 3. Leave to File Amended Complaint

Judge Baldwin recommends Plaintiff's motion for leave to file a first amended complaint be granted, in part, and denied, in part. (ECF No. 74 at 3-6.) More specifically, she recommends that 16 defendants named in Plaintiff's FAC be dismissed.[6] (*Id.*) She further recommends at this stage that Count I's deliberate indifference to serious medical needs alleged against Defendants Gene Yup, Melissa Mitchell, Dr. Peterson, Dr. Benson, and Jenny Vargas proceed, and that the remainder of Count I, and Counts II through V, be denied. (*Id.*) Plaintiff notably objects to the dismissal of dental assistant, Summer Jacobson, who was "directly involved in [Plaintiff's] dental treatment, writing medical/dental directives for [his] dental treatment, responding to [his] grievances related to [his] dental treatment." (ECF No. 80 at 3.)[7] Following a *de novo* review of Plaintiff's FAC, the Court agrees with Judge Baldwin's recommendation regarding Plaintiff's motion, but also agrees here with Plaintiff's objection.

Plaintiff named Summer Jacobson as a defendant in Plaintiff's FAC. (ECF No. 30-1 at 5.) Plaintiff alleges that he filed and forwarded dental kites to Jacobson but faced long delays and received responses from Jacobson stating that Plaintiff was "on a waiting list to see a dentist." (*Id.* at 18.) Plaintiff asserts that his kites disclosed he was in serious pain and had "injuries from cavities and infected, and inflamed teeth." (*Id.*) On April 11, 2019, Jacobson was present at Plaintiff's dental visit when dental assistant Jenny Vargas denied Plaintiff a long-handle toothbrush prescribed by Dr. Benson. (*Id.* at 16.) Jacobson also stated then, "[m]aybe we need to bring in our lawyers." (*Id.*) (parentheses omitted).

Liberally construed, Plaintiff's FAC alleges Jacobson knew of Plaintiff's serious medical need and took part in the effort of Vargas and Dr. Benson in denying treatment to

---

[6]The 16 defendants listed did not include Jane Doe (Summer Jacobson), who was named a defendant in Plaintiff's FAC. (*See id.*; ECF No. 30-1.)

[7]Plaintiff raised additional objections to Judge Baldwin's recommendations regarding Plaintiff's motion to leave to file an amended complaint. The Court declines to address these objections as further discussion is unnecessary and unwarranted.

1    Plaintiff. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)

2    (articulating that *pro se* pleadings must be liberally construed). The Court thus finds that

3    Plaintiff also states a colorable Eighth Amendment deliberate indifference to serious

4    medical needs claim against Jacobson. Accordingly, and in agreement with Judge

5    Baldwin's recommendation, Plaintiff's motion for leave to file a first amended complaint is

6    granted as to Count I's deliberate indifference to serious medical needs claim against

7    Defendants Yup, Mitchell, Peterson, Benson, Vargas, *and* Jacobson.

8                    **B.    Motion to Strike and Demand Sanctions**

9            Plaintiff is seeking sanctions against Defendants' counsel. (ECF No. 84.) Plaintiff

10   alleges that counsel "knowingly and intentionally presented [] ECF No. 40 knowingly and

11   with calculation and malice to have Defendant Mitchell, an untrained Nurse posing as a

12   DENTIST which is FRAUD and misrepresentation." (*Id.* at 2-3 (emphasis in original).)

13   Plaintiff further alleges that counsel's "sole 'intention' [is] to harass and to cause

14   unnecessary delay and/or needlessly increase the costs to litigate this Action." (*Id.* at 3.)

15   Based on these allegations, Plaintiff moves to strike Defendants' response to his motion

16   for preliminary injunction (ECF No. 40) under Rule 12(f) of the Federal Rules of Civil

17   Procedure. (*Id.* at 2-3.) Defendants deny these allegations and counter that Plaintiff has

18   failed to describe specifically the manner in which Defendants' counsel has posed nurse

19   Mitchell to be a dentist. (ECF No. 102 at 4.) Having reviewed the record, the Court agrees

20   with Defendants and finds Plaintiff's allegations to be unwarranted and without merit. The

21   Court thus denies Plaintiff's demand for sanctions, and accordingly will deny Plaintiff's

22   motion to strike.

23   **V.    CONCLUSION**

24           The Court notes that the parties made several arguments and cited to several cases

25   not discussed above. The Court has reviewed these arguments and cases and determines

26   that they do not warrant discussion as they do not affect the outcome of the motions before

27   the Court.

28           It is therefore ordered that the Report and Recommendations of Magistrate Judge

1   Carla L. Baldwin (ECF Nos. 73, 74) are accepted and adopted in full.

2       It is further ordered that Plaintiff's motion to extend time (ECF No. 76) to object to

3   the R&Rs is granted.

4       It is further ordered that Plaintiff's motion for preliminary injunction (ECF No. 29) is

5   denied.

6       It is further ordered that Plaintiff's motion to compel production of documents (ECF

7   No. 83) is granted.

8       It is further ordered that Plaintiff's motion to strike and demand sanctions (ECF No.

9   84) is denied.

10      It is further ordered that Plaintiff's motion for leave to file a first amended complaint

11  (ECF No. 30), is granted, in part, and denied, in part.

12      The Clerk of Court is directed to file Plaintiff's first amended complaint (ECF No.

13  30-1) and send Plaintiff a courtesy copy of the first amended complaint.

14      It is further ordered that Plaintiff's claim of deliberate indifference to serious medical

15  needs (Count I) will proceed against Defendants Gene Yup, Melissa Mitchell, Dr.

16  Peterson, Dr. Benson, Jenny Vargas, and Summer Jacobson.

17      The Clerk of Court is directed to substitute Jane Doe with Summer Jacobson as

18  Defendant in this action. The Clerk of Court is further directed to issue a summons for

19  Defendant Jacobson and deliver the same to the U.S. Marshal for service. The Clerk of

20  Court is further directed to send to Plaintiff one USM-285 form. The Clerk of Court is also

21  directed to send a copy of the first amended complaint (ECF No. 30-1) and a copy of this

22  order to the U.S. Marshal for service on Defendant Jacobson. Plaintiff has 30 days within

23  which to furnish to the U.S. Marshal the required USM-285 form with relevant information

24  as to Defendant Jacobson. Within 20 days after receiving from the U.S. Marshal a copy of

25  the USM-285 form showing whether service has been accomplished, Plaintiff must file a

26  notice with the Court identifying the served Defendant Jacobson. If Plaintiff wishes to have

27  service again attempted on an unserved Defendant Jacobson, then a motion must be filed

28  with the Court identifying unserved Defendant Jacobson and specifying a more detailed

1  name and/or address for said Defendant, or whether some other manner of service should

2  be attempted. If Plaintiff fails to follow this order, the above-named Defendant Jacobson

3  will be dismissed for failure to complete service of process pursuant to Rule 4(m) of the

4  Federal Rules of Civil Procedure.

5        It is further ordered that Plaintiff must serve on Defendant Jacobson or, if

6  appearance has been entered by counsel, upon the attorney(s), a copy of every pleading,

7  motion or other document submitted for consideration by the Court. Plaintiff must include

8  with the original paper submitted for filing a certificate stating the date that a true and

9  correct copy of the document was mailed to Defendant Jacobson or counsel for Defendant

10  Jacobson. The Court may disregard any paper received by a district judge or magistrate

11  judge which has not been filed with the Clerk of Court and any paper received by a district

12  judge, magistrate judge, or the Clerk of Court, which fails to include a certificate of service.

13        It is further ordered that Plaintiff's remaining claims in Count I, and the entirety of

14  Counts II, III, IV, and V, are dismissed.

15        It is further ordered that Defendants Romeo Aranas, M. Naughton, Brian Sandoval,

16  James Dzurenda, Isidro Baca, Adam Laxalt, Dr. Michael Minev, Charles Daniels, Steve

17  Sisolak, Perry Russel, Aaron Ford, M. Sullivan, D. Clark, Danielle Richards, C. Lucas, C.

18  Cerda, and the State of Nevada are dismissed from entirety of the case without prejudice.

19        It is further ordered that Plaintiff's motion to extend discovery (ECF No. 28) is

20  granted, in part, and denied, in part. Plaintiff shall have 90 days from the date this order

21  issues to complete limited discovery as it pertains to Count I's newly named Defendants

22  Dr. Peterson, Dr. Benson, Jenny Vargas, and Summer Jacobson.

23        DATED THIS 19th Day of January 2021.

24

25

26    MIRANDA M. DU
        CHIEF UNITED STATES DISTRICT JUDGE

27

28