1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3    EMMANUEL CABALLERO,                    Case No.: 3:19-cv-00079-MMD-WGC

4          Plaintiff                                    **Order**

5    v.                                            Re: ECF No. 166

6    ROMEO ARANAS, et. al.,

7          Defendants

8

9          Before the court is Defendants' motion for leave to file Plaintiff's dental records under

10   seal in connection with their response to Plaintiff's motion for summary judgment. (ECF No.

11   166.)

12          "Historically, courts have recognized a general right to inspect and copy public records

13   and documents, including judicial records and documents." *Kamakana v. City and County of*

14   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted).

15   "'Throughout our history, the open courtroom has been a fundamental feature of the American

16   judicial system. Basic principles have emerged to guide judicial discretion respecting public

17   access to judicial proceedings. These principles apply as well to the determination of whether to

18   permit access to information contained in court documents because court records often provide

19   important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v.*

20   *Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp.*

21   *v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

22          Documents that have been traditionally kept secret, including grand jury transcripts and

23   warrant materials in a pre-indictment investigation, come within an exception to the general right

1    of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of

2    access is the starting point." *Id*. (internal quotation marks and citation omitted). "The

3    presumption of access is 'based on the need for federal courts, although independent—indeed,

4    particularly because they are independent—to have a measure of accountability and for the

5    public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler*

6    *Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016)

7    (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley*

8    *Broad Co. v. U.S. Dist. Ct.*, *D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

9            There are two possible standards a party must address when it seeks to file a document

10   under seal: the compelling reasons standard or the good cause standard. *Center for Auto Safety*,

11   809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only

12   when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without

13   relying on hypothesis or conjecture.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1179). The court must

14   "'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep

15   certain judicial records secret.'" *Id*. "What constitutes a 'compelling reason' is 'best left to the

16   sound discretion of the trial court.'" *Id*. (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599

17   (1978)). "Examples include when a court record might be used to 'gratify private spite or

18   promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information

19   that might harm a litigant's competitive standing.'" *Id*.

20           The good cause standard, on the other hand, is the exception to public access that has

21   been typically applied to "sealed materials attached to a discovery motion unrelated to the merits

22   of the case." *Id*. (citation omitted). "The 'good cause language comes from Rule 26(c)(1), which

23   governs the issuance of protective orders in the discovery process: The court may, for good

1 || cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or

2 || undue burden or expense.'" *Id*.

3 ||      The Ninth Circuit has clarified that the key in determining which standard to apply is

4 || whether the documents proposed for sealing accompany a motion that is "more than tangentially

5 || related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the

6 || compelling reasons standard is applied. If not, the good cause standard is applied.

7 ||      Here, Defendants seek to file exhibits under seal in connection with their response to

8 || Plaintiff's motion for summary judgment, which is unquestionably "more than tangentially

9 || related to the merits of a case." Therefore, the compelling reasons standard applies.

10 ||      This court, and others within the Ninth Circuit, have recognized that the need to protect

11 || medical privacy qualifies as a "compelling reason" for sealing records. *See, e.g., San Ramon*

12 || *Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10,

13 || 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010 WL4715793, at * 1-2 (D. HI. Nov. 15,

14 || 2010); *G. v. Hawaii*, 2010 WL 267483, at *1-2 (D.HI. June 25, 2010); *Wilkins v. Ahern,* 2010

15 || WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009

16 || WL 1212170, at * 1 (D.Ariz. May 4, 2009). This is because a person's medical records contain

17 || sensitive and private information about their health. While a plaintiff puts certain aspects of his

18 || medical condition at issue when he files an action alleging deliberate indifference to a serious

19 || medical need under the Eighth Amendment, that does not mean that the entirety of his medical

20 || records filed in connection with a motion (which frequently contain records that pertain to

21 || unrelated medical information) need be unnecessarily broadcast to the public. In other words, the

22 || plaintiff's interest in keeping his sensitive health information confidential outweighs the public's

23 || need for direct access to the medical records.

3

1       Here, the referenced exhibits contain Plaintiff's dental history and treatment records.

2 Balancing the need for the public's access to information regarding Plaintiff's dental history,

3 treatment, and condition against the need to maintain the confidentiality of Plaintiff's dental

4 records weighs in favor of sealing these exhibits. Therefore, Defendants' motion (ECF No. 166)

5 is **GRANTED**.

6 **IT IS SO ORDERED**.

7 Dated: June 14, 2021

8                            William G. Cobb
                           William G. Cobb

9                            United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23