UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EMMANUEL CABALLERO, | Case No. 3:19-cv-00079-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| ROMEO ARANAS, *et al*, | |
| Defendants. | |

**I.   SUMMARY**

*Pro se* Plaintiff Emmanuel Caballero, currently incarcerated and in the custody of the Nevada Department of Corrections ("NDOC"), alleges violation of Eighth Amendment deliberate indifference to serious medical needs pertaining to dental care under 42 U.S.C. § 1983. (ECF Nos. 106, 107.) Before the Court is the Report and Recommendation (ECF No. 182 ("R&R")) of United States Magistrate Judge William G. Cobb. The R&R recommends the Court deny Caballero's motion for summary judgment (ECF No. 124 ("Motion")). Caballero timely filed his objection (ECF No. 184 ("Objection")) to the R&R, and Defendants did not file a response. Because the Court agrees with Judge Cobb and as further explained below, the Court overrules Caballero's Objection and adopts the R&R in full.

**II.   BACKGROUND**

The Court incorporates by reference Judge Cobb's recitation of the factual background provided in the R&R, which the Court adopts here. (ECF No. 182 at 1-2.)

**III.   LEGAL STANDARD**

    **A.   Review of the Magistrate Judge's Recommendation**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus *de novo* because Caballero filed his Objection. (ECF No. 184.)

B. **Summary Judgment**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citation omitted).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to

show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient[.]" *Anderson*, 477 U.S. at 252.

**IV.  DISCUSSION**

Following a *de novo* review of the R&R and other records in this case, the Court finds good cause to accept and adopt Judge Cobb's R&R.

Judge Cobb recommends that summary judgment be denied with respect to Caballero's Eighth Amendment claim against the Estate of Gene Hing Yup,[1] Dr. Peterson, and Jenny Vargas. (ECF No. 182 at 4-13.) More specifically, Caballero has failed to demonstrate sufficient factual evidence that would entitle him to summary judgment. Judge Cobb identified that Caballero does not provide evidence to support his claims that Dr. Yup's care was deficient or that Dr. Yup had an extraction-only policy, nor does Caballero identify any specific conduct taken by either Vargas or Dr. Peterson that violated Caballero's rights. (*Id.*) Based on the evidence in the record, the Court agrees with Judge Cobb. Caballero has not met his burden to show that there are no genuine issues of material fact and thus is not entitled to summary judgment. *See Zoslaw*, 693 F.2d at 883.

Caballero's Objection fails to address Judge Cobb's R&R and appears to merely restate allegations that Defendants did not provide Caballero with dental care. (ECF No. 184 at 3.) As such, Caballero's Objection is overruled. The Court therefore agrees with Judge Cobb that the Motion should be denied and will adopt the R&R in its entirety.

**V.  CONCLUSION**

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 182) is accepted and adopted in full.

---

[1] The Court allowed the substitution of the Estate of Gene Hing Yup by and through Catherine Yup as personal representative to Defendant Gene Yup. (ECF No. 33.)

1 | It is further ordered that Plaintiff Emmanuel Caballero's motion for summary judgment (ECF No. 124) is denied.

It is further ordered that Caballero's objection (ECF No. 184) to Magistrate Judge William G. Cobb's Report and Recommendation is overruled.

DATED THIS 9th Day of July 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE