# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

EMMANUEL CABALLERO,

     Plaintiff

v.

ROMEO ARANAS, et. al.,

     Defendants

Case No.: 3:19-cv-00079-MMD-WGC

**Order**

Re: ECF Nos. 198, 200

Before the court are Plaintiff's: (1) Rule 12(f) Motion for the Court to Strike ECF 190 as Immaterial (ECF No. 198) and (2) Motion for a More Definite Statement under FRCP 12(c) (ECF No. 200).

Both motions relate to Defendants' pending motion for summary judgment at ECF No. 190.

**A. ECF No. 198**

Plaintiff argues that Defendants' motion for summary judgment is immaterial and meant to block an *in forma pauperis*, pro se inmate from having a right to challenge the conditions of his confinement. Plaintiff contends that the motion should be stricken because the undersigned recommended that Plaintiff's own motion for summary judgment be denied because there was a genuine dispute of material fact as to whether Dr. Peterson was deliberately indifferent to his serious dental needs.

Federal Rule of Civil Procedure 12(f) permits the court to strike "from a *pleading* an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." The motion

for summary judgment is not a *pleading*, but is a *motion*; therefore, Rule 12(f) is not applicable to the motion. *See* Fed. R. Civ. P. 7 (listing the following as pleadings: complaint, answer to complaint or counterclaim or crossclaim, a third-party complaint, an answer to a third-party complaint, and if the court orders one, a reply to an answer).

While courts have inherent powers to control their dockets, including "the power to strike items from the docket as a sanction for litigation conduct," Plaintiff has not set forth sufficient grounds to strike Defendants' motion for summary judgment. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citations omitted).

Plaintiff moved for summary judgment. It was Plaintiff's burden to show there was no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The court found that: Plaintiff did not cite the particular evidence on which he relies to support the facts he claims are undisputed as is required by Local Rule 56-1; with respect to his claim that his enamel and gums were damaged and he suffered rapid decay, he did not cite any evidence; Plaintiff did not meet his burden of showing that Vargas was deliberately indifferent to his serious dental needs; Plaintiff did not cite any evidence to support his allegations against Dr. Yup (through Dr. Yup's estate); and, with respect to Dr. Peterson, the dental records submitted by Defendants raised a genuine dispute of material fact as to whether there was deliberate indifference. For these reasons, the undersigned recommended that Plaintiff's motion be denied, and Chief District Judge Du adopted this recommendation. (ECF Nos. 182, 187.)

Defendants also have a right to file their own motion for summary judgment under Rule 56. This is true even though the court found Defendants raised a genuine dispute of material fact as to the claim against Dr. Peterson. Defendants must meet their burden of demonstrating that

there is no genuine dispute of material fact and they are entitled to judgment as a matter of law.
Plaintiff may file a response that argues there is a genuine dispute of material fact by citing to
specific evidence as set forth in Rule 56.

Plaintiff's motion goes on to argue the merits of his case, but this is appropriately
reserved for his response to Defendants' pending motion for summary judgment.

For these reasons, Plaintiff's motion (ECF No. 198) is denied.

**B. ECF No. 200**

ECF No. 200 is a motion for a more definite statement under Rule 12(c).  Plaintiff argues
that Defendants' motion for summary judgment is so vague and ambiguous that Plaintiff cannot
reasonably prepare a response. He argues that: the introduction of the motion is not an
introduction but a diatribe; the nature of the case is argumentative; and Plaintiff disputes the
statement of material facts and he cannot respond to it within the page limits prescribed by the
court; the legal standard is in controversy; and the argument is convoluted, vague and ambiguous
and is long.

Federal Rule of Civil Procedure 12(c) is the provision providing for a motion for
judgment on the pleadings. The provision for a motion for a more definite statement is Rule
12(e). The rule provides that a "party may move for a more definite statement of a *pleading* to
which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot
reasonably prepare a response."

Again, Defendants' motion for summary judgment is a *motion* and not a *pleading*.
Therefore, Rule 12(e) does not apply to Defendants' motion. Even if it did, the court has
reviewed Defendants' motion and finds it is not vague or ambiguous, and Plaintiff can
reasonably prepare a response to the motion.

As such, Plaintiff's motion for a more definite statement (ECF No. 200) is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's motions (ECF Nos. 198 and 200) are **DENIED**.

**IT IS SO ORDERED**.

Dated: July 26, 2021

_____
William G. Cobb
United States Magistrate Judge

4