UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

EMMANUEL CABALLERO,

    Plaintiff,

v.

ROMEO ARANAS, *et al.*,

    Defendants.

Case No.: 3:19-cv-00079-MMD-WGC

**ORDER**

Re: ECF No. 212

Before the court is Plaintiff's Motion for an Extension of Time to File a Response to Defendants' Motion for Summary Judgment (ECF No. 212). Plaintiff requests "a fourteen day extension to file a response to Defendants' Motion for Summary Judgement (sic)." (*Id.* at 3.) Plaintiff also seeks production of Exhibits B & C filed under seal with Defendants' Motion for Summary Judgment.

**EXTENSION OF TIME**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for an Extension of Time to File a Response to Defendants' Motion for Summary Judgment (ECF No. 212) is **GRANTED** to the extent that Plaintiff shall have to and including **Friday, September 3, 2021**, in which to file a

1

response to Defendants' Motion for Summary Judgment (ECF No. 190).  Defendants' reply memorandum will be due **Friday, September 17, 2021**.

## **PRODUCTION OF EXHIBITS B & C TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff states Exhibits B & C, filed under seal with Defendants' Motion for Summary Judgment (ECF No. 192), have not been provided him.  Plaintiff refers to Minutes of Proceedings (ECF No. 150) where such records were to be produced to Plaintiff even though they may be filed under seal.  Plaintiff is correct.  The Minutes of Proceedings of February 23, 2021 (ECF No. 150), provide in pertinent part at pages 5-6 as follows:

\* \* \*

> "DAG Rands states his understanding regarding the court's previous ruling on AR 639 and anticipates the same ruling today but requests copies of the Exhibits A, B, C, D, E, F1 and G attached to Defendants' Response (ECF No. 40) to be provided to Plaintiff for the duration of the litigation only.
>
> The court **grants** Plaintiff's "Motion 37(b)(2)(A) and Exhibits 1 and 2 (Counsel Refuses to Provided Court Ordered Documents)" (ECF No. 109). Defendants shall provide copies of Exhibits A, B, C, D, E, F and G attached to Defendants' Response (ECF No. 40) to Plaintiff for use of this litigation. Plaintiff states his understanding that the exhibits (sealed dental records) are to be utilized for the pendency of this litigation only and then returned to NDOC.
>
> Plaintiff makes oral motion for copy of entire dental file. The court notes that Plaintiff's Motion (ECF No. 109) does not seek all medical kites sent to dental. DAG Rands advises the court that all kites are contained within the "I" file and Plaintiff has the opportunity to review the kites. In addition, DAG Rands states that Plaintiff should already have a copy of the kites since he receives a copy of the kite when it is responded to by NDOC. Plaintiff admits that he does have copies of his kites.
>
> The court states that the ruling on Plaintiff's motion (ECF No. 109) stands and no additional records will be added. DAG Rands makes an oral motion

2

requesting all future dental records filed under seal should apply pursuant to the court's ruling today. Plaintiff has no objection.

The court **grants** Defendants' oral motion ordering all future dental records filed under seal should be provided to Plaintiff without having to review the records in the warden's office. Any sealed dental records are to remain in Plaintiff's possession during the pendency of this litigation only and then returned to NDOC."

(ECF No. 150 at 5-6.)

The Minutes reflect that the court granted Defendants' motion that all future dental records filed under seal shall be provided Plaintiff without having to review the records in the Warden's office. (*Id.* at 6.)

**IT IS FURTHER ORDERED** that Defendants shall provide Plaintiff copies of Exhibits B & C filed under seal in ECF No. 192 not later than **seven (7) days** from the date of this order. As ordered in ECF No. 150, the sealed dental records "are to be utilized for the pendency of this litigation and then returned to NDOC." (*Id.* at 5.)

DATED: August 18, 2021.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE