UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EMMANUEL CABALLERO,

    Plaintiff

v.

ROMEO ARANAS, et. al.,

    Defendants

Case No.: 3:19-cv-00079-MMD-WGC

**Order**

Re: ECF Nos. 180, 188

Before the court are several motions filed by Plaintiff relating to the decedent defendant Dr. Mardelle Petersen: (1) motion to substitute the Estate of Mardelle Petersen in the place of decedent Mardelle Petersen under Federal Rule of Civil Procedure 25. (ECF No. 180); (2) a second motion for substitution in response to ECF Nos. 180, 185, 186 (ECF No. 188).

**I. BACKGROUND**

The court screened Plaintiff's first amended complaint (FAC) (ECF No. 107) and allowed him to proceed with an Eighth Amendment deliberate indifference to serious dental needs claim against defendants Dr. Yup, Nurse Melissa Mitchell, Dr. Mardelle Petersen[1], Dr. Benson, Jennifer Vargas and Summer Jacobsen. (ECF Nos. 74, 106.)

Dr. Benson was dismissed. (ECF No. 150.) Summer Jacobsen was dismissed without prejudice for failure to timely serve her under Federal Rule of Civil Procedure 4(m). (ECF No.

---

[1] Plaintiff named Dr. Petersen simply as Peterson. A review of the Nevada State Board of Dental Examiners license verification information reflects that the correct name of the defendant is Dr. Mardelle R. Petersen.

183.) The Estate of Gene Hing Yup through personal representative Catherine Yup was substituted in for Dr. Yup after he passed away. (ECF No. 33.)

On February 8, 2021, the Attorney General's Office filed an answer to Plaintiff's FAC on behalf of Dr. Mardelle Petersen. (ECF No. 125.)

On June 11, 2021, Plaintiff filed a motion to substitute the Estate of Mardelle Petersen in the place of decedent Mardelle Petersen under Federal Rule of Civil Procedure 25. (ECF No. 180.) Defendants filed a response. (ECF No. 185.)

On July 7, 2021, Defendants filed a suggestion of death upon the record noting the death of Dr. Mardelle Petersen. (ECF No. 186.)

On July 9, 2021, Plaintiff filed another motion for substitution in response to ECF Nos. 180, 185, 186. (ECF No. 188.) Once again, he asked the court to substitute the Estate of Mardelle Petersen for Dr. Mardelle Petersen insofar as he sued her in her personal capacity. He also asked the court to add Dr. Michael Minev as a representative for the trial, asserting that he is the successor to both Dr. Yup and Dr. Petersen, and he oversees the NNCC dental department.

On July 12, 2021, the court directed the Attorney General's Office to undertake an investigation regarding the status of the decedent's estate in an effort to obtain information about the representative of the estate or appropriate successor and to notify them of this lawsuit. If such information was obtained, the court ordered the Attorney General's Office to serve the notice of suggestion of death and notice of this lawsuit on the representative or successor. If the Attorney General's Office was unable to obtain such information, it was ordered that a declaration detailing efforts made to comply with the order be filed. (ECF No. 189.)

1    On August 5, 2021, the Attorney General's Office filed a notice with the court detailing the unsuccessful efforts that were taken to ascertain Dr. Petersen's personal representative. (ECF Nos. 205, 205-1, 205-2.)

    On August 11, 2021, Plaintiff filed a motion to compel compliance with the court's order at ECF No. 189. (ECF No. 206.)

    The court denied Plaintiff's motion, finding that Defendants satisfactorily complied with the court's order to attempt to ascertain whether an estate has been established for Dr. Petersen. (ECF No. 207.) Plaintiff filed an objection to this order. (ECF No. 210.)

    Plaintiff filed another motion asking the court to order the Attorney General's Office to comply with the order in ECF No. 189. (ECF No. 208.) The court denied the motion, again finding that the Attorney General's Office had satisfactorily complied with the order at ECF No. 189. (ECF No. 211.)

    Plaintiff has also filed a motion to substitute Dr. Benson for Dr. Peterson as her successor under Rule 25(d) (ECF No. 226), as well as a motion seeking a 90-day extension of time to investigate and locate Dr. Petersen's next of kin. (ECF No. 227.) That motion also asks the court to order the Attorney General's Office to provide Plaintiff with Dr. Petersen's last known address and date of birth for "skip trace purposes." (ECF No. 227.) The court will address these two motions when they are fully briefed.

## II. DISCUSSION

ECF Nos. 180 and 188 both seek to substitute the Estate of Mardelle Petersen in place of decedent Dr. Petersen under Federal Rule of Civil Procedure 25. ECF No. 188 also asks the court to add Dr. Michael Minev as a representative for the trial, asserting that he is the successor to both Dr. Yup and Dr. Petersen, and he oversees the NNCC dental department.

Federal Rule of Civil Procedure 25 provides in pertinent part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

The law of the forum state generally determines whether a section 1983 action survives or is extinguished upon the death of a party. *See* 42 U.S.C. § 1988(a); *see also Robertson v. Wegmann*, 436 U.S. 588-59 (1978).

Nevada law provides: "Except as otherwise provided in this section, no cause of action is lost by reason of the death of any person, but may be maintained by or against the person's executor or administrator." Nevada Revised Statute (NRS) 41.100(1). "In an action against an executor or administrator, any damages may be awarded which would have been recovered against the decedent if the decedent had lived, except damages awardable under NRS 42.005 or 42.010 or other damages imposed primarily for the sake of example or to punish the defendant." NRS 41.100(2).

ECF Nos. 180 and 188 seek to substitute in the Estate of Mardelle Petersen for Dr. Petersen. These motions are easily resolved: "'[a]n estate is not a person or a legal entity and cannot sue or be sued; an estate can only act by and through a personal representative and therefore any action by or against the executor or representative of the estate.'" *LN Mgmt., LLC v. JP Morgan Chase Bank, N.A.*, 957 F.3d 943, 956 (9th Cir. 2020) (quoting 34 C.J.S. Executors and Administrators § 847.) Moreover, Plaintiff does not even set forth that an estate exists for Dr. Petersen. The Attorney General's Office investigation revealed that a probate proceeding had not been initiated in the district where the decedent Dr. Petersen resided. The court has

subsequently searched the Second Judicial District Court's probate records which still reveal that no probate proceeding has been initiated with respect to Dr. Petersen.

For these reasons, Plaintiff's motions to substitute the estate of Mardelle Petersen for Dr. Petersen (ECF Nos. 180, 188) are denied.

Insofar as Plaintiff asks the court to add Dr. Michael Minev as a representative for the trial, asserting that he is the successor to both Dr. Yup and Dr. Petersen, the court interprets Plaintiff's request as one to substitute Dr. Minev for Dr. Petersen and Dr. Yup under Federal Rule of Civil Procedure 25(d). That rule provides:

> An action does not abate when a *public officer* who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Fed. R. Civ. P. 25(d) (emphasis added).

Dr. Michael Minev is NDOC's medical director.[2] Assuming, without deciding, that Dr. Petersen is a "public officer" for purposes of Rule 25(d), Dr. Minev, as NDOC's medical director, is not the public officer successor of an institutional dentist such as Dr. Petersen or Dr. Yup. Therefore, Plaintiff's request to add Dr. Minev as successor to Dr. Yup and Dr. Petersen is also denied.

---

[2] *See* https://doc.nv.gov/About/Director/Executive_Team/, last visited October 6, 2021.

### III. CONCLUSION

Plaintiff's motions to substitute the estate of Mardelle Peterson for Dr. Petersen (ECF Nos. 180, 188) are **DENIED**.

**IT IS SO ORDERED**.

Dated: October 7, 2021

_____
William G. Cobb
United States Magistrate Judge