# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

EMMANUEL CABALLERO,

    Plaintiff

v.

ROMEO ARANAS, et. al.,

    Defendants

Case No.: 3:19-cv-00079-MMD-WGC

**Order**

Re: ECF No. 224

    Before the court is Plaintiff's "Motion to Strike (ECF 222) Counsel's Spoliation of Evidence." (ECF No. 224.) Defendants filed a response. (ECF Nos. 229, 231-1.) Plaintiff filed a reply. (ECF No. 237.)

    Plaintiff seeks to strike ECF No. 222; however, ECF No. 222 is a notice of under seal submission of Exhibit A in support of Defendants' reply filed in connection with their motion for summary judgment. Plaintiff's motion reveals that he actually seeks to strike Exhibit A (that the court has permitted Defendants to file under seal). (*See* Exhibit A at ECF No. 221-1.)

    Exhibit A is an inmate co-pay sign in sheet from April 12, 2017 and April 26, 2017. (ECF No. 221-1.) The document has the information for other inmates redacted, but it contains the information for Plaintiff and lists the dentist's name at the bottom of each page.

    Plaintiff previously filed a motion seeking to un-redact portions of his dental records previously filed with the court that he said he needed to prepare his response to Defendants' motion for summary judgment. (ECF No. 214.) Specifically, he asked that the doctor's name be unredacted from ECF Nos. 140-14 at 18, 19 and 20, that the notes regarding Caballero's treatment be unredacted from ECF No. 140-14 at 31. In addition, ECF Nos. 140 at 18, 19 and 20,

were dental records which contained some redactions. The court ordered Defendants to provide Plaintiff with copies of ECF Nos. 140-14 at 18, 19, 20, that un-redact the bottle line of the information column to reveal the doctor's name (but the information related to other inmates was to remain redacted); to provide Plaintiff with a copy of ECF No. 140-14 at 41 that un-redacts the notes regarding Plaintiff (but the information related to other inmates was to remain redacted). (ECF No. 215.) Defendants did so. (*See* ECF No. 231-1.)

Exhibit A, which is at issue now, is the document found at ECF No. 140-14 at 19-20. As instructed by the court in its previous order, Exhibit A contains the information for Plaintiff unredacted, redacts the information for other inmates, but unredacts the bottom portion of the form to reveal the doctor's name. (Compare ECF No. 221-1 at 2-3 and ECF No. 140-14 at 19-20.)

In his motion to strike, Plaintiff claims that the defense altered these documents. Plaintiff claims that Defendants' own timeline from ECF No. 40 at 2 states that on April 26, 2017, Caballero refused the extraction of tooth 19 as recommended by Dr. Yup and signed a release of liability for refusal of health care treatment. (ECF No. 224 at 7.) Plaintiff appears to assert that he saw Dr. Yup on April 26, 2017, but Exhibit A only lists Dr. Petersen as the dentist. Plaintiff acknowledges that he has no proof that the documents have been altered. Plaintiff is free to *argue* that he in fact saw Dr. Yup that day, but there is no evidence before the that counsel or a defendant altered Exhibit A. Therefore, Plaintiff's motion to strike (ECF No. 224) is **DENIED**.

**IT IS SO ORDERED**.

Dated: November 4, 2021

_____
William G. Cobb
United States Magistrate Judge

2