UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EMMANUEL CABALLERO,

    Plaintiff

v.

ROMEO ARANAS, et. al.,

    Defendants

Case No.: 3:19-cv-00079-MMD-WGC

**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

Re: ECF No. 227

    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Plaintiff has filed a motion for a 90-day extension of time to investigate and locate next of kin for defendant Dr. Mardelle Petersen. (ECF No. 227.)[1] Defendants filed a response. (ECF No. 242.) Plaintiff filed a reply. (ECF No. 244.)

    For the reasons set forth below, it is recommended that Plaintiff's motion be denied, and that Dr. Petersen be dismissed without prejudice.

---

[1] Plaintiff shall refrain from filing as exhibits to his motions documents that are already part of the court's docket. It will suffice for Plaintiff to simply cite the docket number and page number that he seeks to reference. Future filings that unnecessarily contain prior docketed items may be stricken.

## I. BACKGROUND

The court screened Plaintiff's first amended complaint (FAC) (ECF No. 107) and allowed him to proceed with an Eighth Amendment deliberate indifference to serious dental needs claim against defendants Dr. Yup, Nurse Melissa Mitchell, Dr. Mardelle Petersen[2], Dr. Benson, Jennifer Vargas, and Summer Jacobsen. (ECF Nos. 74, 106.)

Dr. Benson and Summer Jacobsen were dismissed. (ECF Nos. 150, 183.) The Estate of Gene Hing Yup, through personal representative Catherine Yup, was substituted in for Dr. Yup after he passed away. (ECF No. 33.)

On February 8, 2021, the Attorney General's Office filed an answer to Plaintiff's FAC that was on behalf of Dr. Petersen. (ECF No. 125.)

On June 11, 2021, Plaintiff filed a motion to substitute the Estate of Mardelle Petersen in the place of decedent Mardelle Petersen under Federal Rule of Civil Procedure 25. (ECF No. 180.) The court denied this motion because an estate is not a person or legal entity that can be sued. (ECF No. 228.)

On July 7, 2021, Defendants filed a suggestion of death upon the record noting the death of Dr. Petersen. (ECF No. 186.)

On July 9, 2021, Plaintiff filed another motion to substitute the Estate of Mardelle Petersen for Dr. Petersen. He also asked the court to add Dr. Michael Minev as a representative for trial, asserting that he is the successor to both Dr. Yup and Dr. Petersen, as Dr. Minev oversees the NNCC dental department. (ECF No. 188.) The court denied this motion because the

---

[2] Plaintiff named Dr. Petersen simply as Peterson. A review of the Nevada State Board of Dental Examiner's license verification information reflects that the correct name of the defendant is Dr. Mardelle R. Petersen.

estate is not a legal entity that can be sued, and Dr. Minev, as NDOC's medical director, is not Dr. Yup's or Dr. Petersen's successor. (ECF No. 228.)

On July 12, 2021, the court directed the Attorney General's Office to undertake an investigation regarding the status of the decedent Dr. Petersen's estate in an effort to obtain information about the representative of the estate and to notify them of this lawsuit. (ECF No. 189.) On August 5, 2021, the Attorney General's Office filed a notice with the court detailing the unsuccessful efforts that were undertaken to ascertain Dr. Petersen's personal representative. (ECF Nos. 205, 205-1, 205-2.)

On August 11, 2021, Plaintiff filed a motion to compel compliance with the court's order at ECF No. 189. (ECF No. 206.) The court denied the motion, finding Defendants had satisfactorily complied with the court's order. (ECF No. 207.) Plaintiff filed an objection. (ECF No. 210.) District Judge Du overruled the objection. (ECF No. 218.)

Plaintiff filed another motion asking the court to order the Attorney General's Office to comply with the order in ECF No. 189. (ECF No. 208.) The court denied the motion, again finding the Attorney General's Office had satisfactorily complied with the order. (ECF No. 211.)

Plaintiff then filed a motion to substitute Dr. Benson for Dr. Petersen as her successor under Rule 25(d). (ECF No. 226.) The court denied that motion, finding that neither Dr. Benson nor Dr. Petersen, as prison dentists, are "public officers" for purposes of Federal Rule of Civil Procedure 25(d), and even if they were, Plaintiff provided no evidence that Dr. Benson was Dr. Petersen's "successor." (ECF No. 247.)

In the instant motion, Plaintiff asks for a 90-day extension of time to locate and investigate next of kin for Dr. Petersen, and also asks the court to order the Attorney General's Office to provide Dr. Petersen's last known address and date of birth for "skip trace purposes."

## II. DISCUSSION

Plaintiff states that he is an *in forma pauperis*, pro se inmate, with no access to the internet, no law library access, and is on a prison yard that is in lockdown due to Covid-19; therefore, he claims a 90-day extension of time to investigate and locate Dr. Petersen's next of kin is justified. He also asks the court to order the Attorney General's Office to provide him with the last known address and date of birth of Dr. Petersen for "skip trace" purposes.

Defendants argue that Plaintiff has had sufficient time to attempt to locate the estate, if any, for Dr. Petersen, since the suggestion of death was filed on July 7, 2021. They further assert that the court has already concluded that the Attorney General's undertook a sufficient (though unsuccessful) investigation into whether Dr. Petersen has an estate. In addition, Plaintiff has not set forth what steps he has taken to locate the estate. Finally, Defendants contend that the court ordered the Attorney General's Office to undertake an investigation, in part, because Plaintiff is precluded by regulations from having the decedent's direct contact information, citing Administrative Regulation (AR) 337, which provides that employee addresses are confidential.

Rule 25 provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any part or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

"This 90-day deadline may be extended by Rule 6(b), including after its expiration if the party failed to act due to 'excusable neglect.'" *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017) (citing Fed. R. Civ. P. 6(b))." "Rule 6(b) 'works in conjunction with

Rule 25(a)(1) to provide the intended flexibility in enlarging the time for substitution.'" *Id.* (quoting *Zeidman v. Gen. Accident Ins. Co.*, 122 F.R.D. 160, 161 (S.D.N.Y. 1988)).

The suggestion of death was filed on July 7, 2021. (ECF No. 186.) Plaintiff's motion was docketed on October 5, 2021, though it is signed by Plaintiff on October 4, 2021. As such, Plaintiff's motion for an extension was made within 90 days of the date the suggestion of death was filed.

Under Rule 6(b), the court may extend the time Plaintiff has to file a motion for substitution if he establishes good cause. Fed. R. Civ. P. 6(b)(1)(A). The court must now determine whether Plaintiff has set forth good cause to extend the deadline.

Preliminarily, Plaintiff seeks an extension to locate Dr. Petersen's "next of kin;" however, technically Plaintiff should be attempting to locate a personal representative of Dr. Petersen's estate (if an estate exists) who may not be Dr. Petersen's next of kin.

"[A] party cannot maintain a suit … against … a dead person, or in any other way make a dead person (in that person's own right, and not through a properly-represented estate or successor) party to a federal lawsuit." *LN Management, LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020). An estate itself may not be substituted in for a dead party: "An estate is not a person or legal entity and cannot sue or be sued; *an estate can only act by and through a personal representative and therefore any action must be brought by or against the executor or representative of the estate.*" *Id.* (citation and quotation marks omitted, emphasis added). "Indeed, because an estate is not a legal entity, the [estate] only has meaning in Nevada insofar as certain machinery of the state courts is set in motion—a will is probated, Letters Testamentary or of Administration are issued, an administrator is appointed, or the like." *Id.* (citing Nev. Rev. Stat. § 132.120 ("Estate" defined); §§ 136.070, 139.120).

5

In *LN Management*, the party seeking a substitute for a decedent identified a person who claimed to be the daughter of the decedent, and argued that the daughter would have been a proper person to serve so as to bring in the estate. *Id*. at 956. The Ninth Circuit pointed out that it was unclear whether the daughter was "a proper representative of the estate for legal purposes." *Id*. at 957. "[O]ne must sue the correct legal representative of the estate, not the estate as a concept." *Id*. Therefore, simply locating Dr. Petersen's "next of kin" may not lead Plaintiff to the proper legal representative.

In any event, the court finds Plaintiff has not established good cause to extend the deadline.

Plaintiff has sent letters to the Washoe County Public Administrator, the First Judicial District Court, and the Second Judicial District Court, asking whether there is a probate case for Mardelle Petersen. (ECF No. 244 at 6-10.) The First Judicial District Court responded that there were no records for Mardelle Petersen. (*Id*. at 12.) It does not appear he received a response from the Second Judicial District; however, Plaintiff has been advised that both defense counsel and the court searched the Second Judicial District Court's probate records, which revealed that no probate proceeding had been initiated with respect to Dr. Petersen.

Plaintiff also sent a letter to Mark Mausert, Esq., whom Plaintiff says represented Dr. Petersen previously in a personal capacity, and asked for information regarding whether there is a probate proceeding and for information for her next of kin. (*Id.* at 16.) Plaintiff does not indicate whether he received a response to this letter.

Plaintiff does not state what additional effort he intends to undertake to ascertain whether there is an estate and the proper legal representative if the court were to grant his motion other

than that he needs Dr. Petersen's address and date of birth for "skip trace" purposes.[3] Plaintiff does not discuss how he, as an *in forma pauperis* inmate, would secure and pay for skip trace services. As such, the court does not find that Plaintiff has set forth good cause to extend the deadline to file a motion to substitute under Rule 25(a).

Moreover, the Ninth Circuit indicated in *Zanowick* that under these circumstances it is appropriate for the court to exercise its discretion and dismiss Dr. Petersen without prejudice:

> The intersection between Rules 6(b) and 25(a) usually plays out in one of two ways. First, a party misses the 90-day deadline, and seeks leave to file a late substitution. Rule 6(b) governs these requests. Second, a party cannot make a proper substitution in 90 days. When this occurs, district courts exercise their discretion and decide whether to dismiss the case with or without prejudice. If without prejudice, a substitute may be located and the lawsuit re-filed.

*Zanowick*, 850 F.3d at 1094-95. The second scenario is presented here. In such a case, "either a dismissal without prejudice or an extension of the 90-day deadline are discretionary options for the district court." *Id*. at 1096.

Here, the court should exercise its discretion to deny Plaintiff's motion for an extension and dismiss Dr. Petersen without prejudice. This option makes the most sense given the current posture of this case. There is currently a motion for summary judgment filed by the remaining Defendants pending before the court. Defendants, the court, as well as Plaintiff have tried to determine whether an estate exists for Dr. Petersen. Plaintiff has filed multiple motions, which are often duplicative, on the issue of the death of Dr. Petersen and possible substitution, which have required a significant amount of the court's time and attention. At this point, where no one

---

[3] Skip tracing includes research to gather information about a person's whereabouts. According to one source, it can cost at least $90. See https://www.renocarson.com/skiptracing, last visited November 4, 2021.

has identified a proper legal representative, the parties' and the court's resources are better spent focusing on the issues pertaining to the current parties to the case. If Plaintiff should obtain information in the future that identifies a proper personal representative, Plaintiff may re-file his lawsuit.

Insofar as Plaintiff requests Dr. Petersen's address and birth date, that request should also be denied. First, with respect to the address, AR 337 provides that an employee's personal home address is strictly confidential. (ECF No. 242-1 at 3.) Plaintiff is correct that this regulation applies to employees, and does not specifically discuss confidentiality with respect to a former or deceased employee. The court nevertheless finds that it would not be appropriate to provide the address of Dr. Petersen—a deceased employee of NDOC— to an incarcerated individual. With respect to Dr. Petersen's date of birth, Plaintiff has not specified what he needs this information for, nor has he explained how it would assist in locating Dr. Petersen's estate or personal representative. To the extent he seeks to utilize this information in a skip trace, he has not set forth how he would secure and pay for skip trace services as an *in forma pauperis* inmate.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for a 90-day extension of time to investigate and locate the next of kin for Dr. Petersen (ECF No. 227), and **DISMISSING** Dr. Petersen **WITHOUT PREJUDICE.** Plaintiff's request for Dr. Petersen's address and birth date should also be **DENIED**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: November 8, 2021

_____
William G. Cobb
United States Magistrate Judge