UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EMMANUEL CABALLERO,<br>       Plaintiff,<br> v.<br>ROMEO ARANAS, *et al.*,<br>       Defendants. | Case No. 3:19-cv-00079-MMD-CSD<br><br>ORDER |

**I. SUMMARY**

*Pro se* Plaintiff Emmanuel Caballero, currently incarcerated in the custody of the Nevada Department of Corrections, filed a first amended complaint against Defendants, alleging violation of Eighth Amendment deliberate indifference to serious medical needs regarding dental care under 42 U.S.C. § 1983. (ECF Nos. 106, 107.) Caballero named Dr. Petersen among the named Defendants (*see* ECF No. 107 at 2), but on July 7, 2021, Defendants filed a suggestion of death that Petersen had passed away. (ECF No. 186.) Caballero subsequently filed a motion to extend time to locate Petersen's next of kin. (ECF No. 227 ("Motion").)

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb.[1] (ECF No. 252 ("R&R).) The R&R recommends the Court deny the Motion, dismiss Petersen without prejudice, and deny Caballero's request for Petersen's personal information (address and birth date). (*Id.*) Caballero timely filed an objection to the R&R. (ECF No. 256 ("Objection").)[2] Because the Court agrees with Judge Cobb, and as further explained below, the Court overrules the Objection and adopts the R&R in full.

---

[1] The Court notes that Judge Cobb issued the R&R prior to his retirement. This case has thus been reassigned to Magistrate Judge Craig Denney. (ECF No. 262.)

[2] Defendants filed a response to the Objection. (ECF No. 260.)

## II. BACKGROUND

The Court incorporates by reference and adopts Judge Cobb's recitation of the factual background provided in the R&R. (ECF No. 252 at 2-3.)

## III. LEGAL STANDARD

### A. Review of the Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus *de novo* because Caballero filed his Objection. (ECF No. 256.)

## IV. DISCUSSION

Following a *de novo* review of the R&R and other records in this case, the Court finds good cause to accept and adopt Judge Cobb's R&R in full.

Caballero makes eight objections.[3] (*Id.* at 2-4.) Caballero argues the following: (1) he cannot re-file against Petersen because of a three-year statute of limitation; (2) the abatement of Petersen would not afford Caballero redress and violates the Fifth and Fourteenth Amendments;[4] (3) Defendants did not follow Judge Cobb's previous order;[5] (4) Judge Cobb failed to provide reason that Caballero did not establish good cause to extend the deadline; (5) Judge Cobb went outside the scope of his duties by asserting that Caballero cannot pay for skip tracing; (6) Judge Cobb mischaracterized the Motion as a duplicate; (7) Dr. Benson replaced Petersen, and federal law rather than Nevada

---

[3]The Court notes that several of Caballero's objections are difficult to follow as they do not challenge the reasoning for denying the Motion, dismissing Petersen, or denying the request for Petersen's personal information. As such, Caballero's objections require the Court to construe them as stated herein.

[4]Caballero does not provide legal authority to support this argument. Nor does he elaborate as to how the dismissal of Petersen from this action violates his Fifth and Fourteenth Amendments rights. The Court thus declines to address this argument.

[5]Caballero raised this argument in a previous objection (ECF No. 210), which the Court overruled (ECF No. 218). The Court thus declines to address this argument.

Revised Statutes should have applied;[6] and (8) Judge Cobb will grant Defendants' pending motion for summary judgment.[7] (*Id.*) The Court finds several of these arguments do not warrant further discussion, but in light of Caballero's *pro se* status, the Court will summarily address below remaining arguments number 1, 4, 5, and 6 in turn.

Caballero first argues that if Petersen is dismissed from this action, and despite Judge Cobb's statement that Caballero may re-file his lawsuit, Caballero will be barred by a three-year statute of limitations. (*Id.* at 2.) However, Caballero does not identify the specific statute of limitation that would bar him from re-filing. Irrespective of any statute of limitation, and having reviewed the record, the Court agrees with Judge Cobb (*see* ECF No. 252 at 7-8) that the District Court has spent a significant amount of time and attention on determining a substitution for Petersen. As Judge Cobb articulated, the dismissal of Petersen without prejudice does not prevent Caballero from adding the proper personal representative for Petersen to this action in the future if their identity becomes known. (*Id.*) Accordingly, the Court is unconvinced by this argument.

Caballero next argues that Judge Cobb failed to provide reasoning to his finding that Caballero had not established "good cause" to extend the deadline. (ECF No. 256 at 3.) The Court does not agree. In the R&R, Judge Cobb explained Caballero's efforts to locate a probate case for Petersen did not produce any such record. (ECF No. 252 at 6.) Additionally, defense counsel and the court searched probate records for the same but to no avail. (*Id.*) Caballero offered no indication he received a response from Petersen's former attorney, and Caballero did not provide additional efforts he intended to pursue to locate the proper legal representative beyond his request for Petersen's personal information for skip tracing. (*Id.* at 6-7.) Moreover, Judge Cobb cited to Ninth Circuit authority to explain that, given the circumstances, it was appropriate for the court to

---

[6] Caballero raised this argument in a prior objection (ECF No. 254 at 3-4), which the Court overruled (ECF No. 263.) The Court thus declines to address this argument.

[7] This argument is merely a statement. However, it appears Caballero is alleging Judge Cobb is bias. Caballero previously raised this issue when he moved to recuse Judge Cobb, which the Court denied as Caballero provided no valid reason to warrant the recusal. (ECF Nos. 255, 264.) As such, the Court declines to address this argument.

exercise discretion and dismiss Petersen without prejudice. (*Id.* at 7 (citing *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017).) As such, Caballero's argument lacks merit.

Caballero additionally argues that Judge Cobb went outside the scope of his duties when he asserted in the R&R that Caballero, as an *in forma pauperis* inmate, cannot pay for skip tracing. (ECF No. 256 at 3.) For argument's sake, even assuming Judge Cobb's assertion was improper, it is unclear to the Court why this assertion would require the Court to grant the Motion. In any event, Judge Cobb was merely stating that Caballero had not set forth how he would secure and pay for skip tracing services for there to be good cause to extend the deadline to file a motion to substitute a party. (ECF No. 252 at 7-8.) The Court is thus unconvinced by this argument.

Finally, Caballero argues that Judge Cobb mischaracterized the Motion as being a duplicate motion. (ECF No. 256 at 3.) Similar to the reasoning in the preceding paragraph, it is unclear how this mischaracterization warrants the Court granting the Motion. In the R&R, Judge Cobb states multiple duplicate motions relating to the issue of Petersen's death and possible substitution have been filed in this action. (ECF No. 252 at 7.) It appears Caballero is arguing that one of his prior motions (ECF No. 233) was seeking to have the Court issue a summons to the trust administrator for Petersen, thus, not seeking an extension to locate Petersen's next of kin. (ECF No. 256 at 3.) The Court finds the distinction nonconsequential. As such, the Court is unconvinced by Caballero's argument.

In sum, the Court disagrees with Caballero's arguments for the reasons stated herein. The Court will therefore overrule his Objection.

**V.   CONCLUSION**

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 252) is accepted and adopted in full.

It is further ordered that Plaintiff Emmanuel Caballero's Objection (ECF No. 256) to the Report and Recommendation is overruled.

4

It is further ordered that Caballero's motion to extend time to locate Petersen's next of kin (ECF No. 227) is denied.

It is further ordered that Defendant Dr. Petersen is dismissed without prejudice.

It is further ordered that Caballero's request for Petersen's personal information is denied.

DATED THIS 15th Day of March 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE