UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EMMANUEL CABALLERO,<br><br>                              Plaintiff,<br>       v.<br>ROMEO ARANAS, *et al.*,<br><br>                              Defendants. | Case No. 3:19-cv-00079-MMD-CSD<br><br>ORDER |

**I.   SUMMARY**

*Pro se* Plaintiff Emmanuel Caballero, an inmate currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), brings this 42 U.S.C. § 1983 action against Defendants Jenny Vargas, Melissa Mitchell, and the Estate of Gene Hing Yup. (ECF Nos. 106, 107.) Caballero alleges Defendants violated his Eighth Amendment rights due to their deliberate indifference to his serious dental care needs. (*Id.*) On July 15, 2021, Defendants filed a motion for summary judgment ("Motion"). (ECF No. 190, errata 196.)[1]

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb.[2] (ECF No. 253 ("R&R).) The R&R recommends the Court grant in part and deny in part Defendants' Motion. (*Id.*) Specifically, it recommends summary judgment be denied to Jenny Vargas insofar as Caballero alleges that Vargas violated the Eighth Amendment by contributing to the delay in Caballero being seen for dental appointments. (*Id.*) However, summary judgment should be granted to Vargas as to other

---

[1] Caballero filed a response and an addendum to his response. (ECF Nos. 216, 217.) He later filed a second addendum to his response. (ECF No. 223.) Defendants filed a reply. (ECF No. 219.)

[2] The Court notes that Judge Cobb issued the R&R prior to his retirement. This case has thus been reassigned to Magistrate Judge Craig Denney. (ECF No. 262.)

aspects of Caballero's claims against Vargas, and summary judgment should also be granted to Melissa Mitchell and the Estate of Gene Hing Yup. (*Id.*) Additionally, the R&R recommends the Court strike Caballero's second addendum to his response, deny his request under Rule 56(d), overrule his objection to Dr. Benson's declaration, deny his request for sanctions, and overrule his objection to Defendants' timeframe of events. (*Id.*) Caballero timely filed an objection to the R&R. (ECF No. 257 ("Objection").)[3] Because the Court agrees with Judge Cobb, and as further explained below, the Court overrules the Objection and adopts the R&R in full.

## II.     BACKGROUND

The Court incorporates by reference and adopts Judge Cobb's recitation of the factual background provided in the R&R. (ECF No. 253 at 1-2, 5-6, 9-16.)

## III.    LEGAL STANDARD

### A.     Review of the Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus *de novo* because Caballero filed his Objection. (ECF No. 257.)

### B.     Summary Judgment

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

---

[3]Defendants filed a response to the Objection. (ECF No. 261.)

(1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citation omitted).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies the requirements of Rule 56 of the Federal Rules of Civil Procedure, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient[.]" *Anderson*, 477 U.S. at 252.

**IV.    DISCUSSION**

Following a *de novo* review of the R&R and other records in this case, the Court finds good cause to accept and adopt Judge Cobb's R&R in full.

///

Caballero makes four objections. (ECF No. 257 at 3-6.) He argues that (1) the abatement of Dr. Petersen of all allegations is unconstitutional and the burden of providing the NDOC-employee substitute to Petersen falls on defense counsel;[4] (2) Judge Cobb refused Caballero the opportunity to pursue outstanding discovery when Mitchell's answers violated Rule 37(a)(4) of the Federal Rules of Civil Procedure;[5] (3) there remains a genuine dispute of fact regarding the claims against the Estate of Gene Hing Yup; and (4) Judge Cobb's review of Caballero's response is bias.[6] (*Id.*) The Court finds arguments number 1 and 4 do not warrant further discussion but will address Caballero's remaining arguments in turn below.

First, Caballero appears to argue summary judgment should not be granted as to Melissa Mitchell because he has been denied an opportunity to pursue outstanding discovery. (*Id.* at 3-4.) Caballero asserts that Mitchell's answers violated Rule 37(a)(4), thus summary judgment should be deferred or denied under Rule 56(d). (*Id.*) However, the Court does not agree. Here, discovery for Mitchell closed on August 3, 2020. (ECF No. 15.) Nevertheless, on January 15, 2021, Caballero filed a motion for an extension to complete discovery. (ECF No. 104.) The Court denied that motion, advising Caballero that he had to comply with Local Rule 26-6. (ECF No. 115.) Caballero subsequently filed a motion to compel discovery, which was later denied because discovery had closed. (ECF Nos. 118, 150.) The Court, having reviewed the record, finds Caballero was not deprived of an opportunity to conduct discovery. Rather, his efforts to seek discovery were untimely and improper. Moreover, the record does not evidence he included specific facts he seeks to obtain through further discovery, whether those facts exist, and how those

---

[4]Caballero has raised similar arguments in previous objections (ECF Nos. 254 at 3-4, 256 at 2), which the Court overruled (ECF Nos. 263, 265). The Court thus declines to address these arguments.

[5]The Court notes that Caballero states Rule "37(4)" in his Objection (*Id.* at 4), which the Court construes as Rule 37(a)(4).

[6]This argument is a mere statement, and the Court has previously addressed Caballero's allegation of Judge Cobb's bias in this action (ECF No. 265 at 3, n. 7). The Court therefore declines to address this argument.

facts would assist him at the summary judgment stage as required under Rule 56(d). As such, Caballero's argument lacks merit.

Caballero next argues summary judgment should not be granted to the Estate of Gene Hing Yup as a genuine dispute of fact remains. (ECF No. 257 at 4-5.) He points to several exhibits and Defendants' varying timeframes regarding the events in support of his argument. (*Id.*, see ECF Nos. 40 at 2, 216 at 35, 216-1 at 53, 257 at 9-27.) The Court is unconvinced by this argument. The Court reviewed the exhibits but finds the exhibits do not show Caballero had more than one encounter with Dr. Yup. While Caballero cites to a brief filed by Defendants stating Caballero refused extraction "recommended by Dr. Yup" on April 26, 2017 (*see* ECF No. 40 at 2) to evidence he saw Dr. Yup more than once, the dental records themselves show Dr. Yup only saw him on February 26, 2018. (*See* ECF Nos. 192-1 (sealed), 192-2 at 20 (sealed), 216-2 at 2.) Caballero offers "no admissible discovery material" to show a dispute exists, but merely points to statements made by Defendants in a brief and their various timeframes of events. *See Bhan*, 929 F.2d at 1409. As such, the Court finds that there is no genuine issue of material fact as Caballero argues.

In sum, the Court disagrees with Caballero's arguments for the reasons stated herein. The Court will thus overrule his Objection.

**V.    CONCLUSION**

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 253) is accepted and adopted in full.

It is further ordered that Plaintiff Emmanuel Caballero's Objection (ECF No. 257) to the Report and Recommendation is overruled.

It is further ordered that Defendants' motion for summary judgment (ECF No. 190) is granted in part and denied in part. Summary judgment is denied to Jenny Vargas insofar as Caballero alleges that Vargas violated the Eighth Amendment by contributing to the delay Caballero being seen for dental appointments. Summary judgment is granted to Vargas as to other aspects of Caballero's claims against Vargas. Summary judgment is

also granted to Melissa Mitchell and the Estate of Gene Hing Yup. Additionally, Caballero's request under Rule 56(d) is denied, Caballero's objection to Dr. Benson's declaration is overruled, Caballero's request for sanctions is denied, and Caballero's objection to Defendants' timeframe of events is also overruled.

It is further ordered that Caballero's second addendum (ECF No. 223) be stricken from the record.

It is further ordered that Caballero's claim that Defendant Jenny Vargas violated his Eighth Amendment rights in being deliberate indifferent to his serious medical needs by contributing to the delay of Caballero being seen for dental appointments is the only remaining claim in this action.

DATED THIS 16th Day of March 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE